**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANA PABLO PABLO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 19-73138<br><br>Agency No. A213-353-273<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2022
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Petitioner Juana Pablo Pablo, a native and citizen of Guatemala, seeks

review of a negative credible fear determination in an expedited removal

proceeding. She argues this court has jurisdiction to hear her claim because 8

U.S.C. § 1252(a)(2)(A)(iii)'s bar on review of expedited removal proceedings

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

governs only factual determinations, and her appeal raises questions of law. We dismiss the petition for lack of jurisdiction. Because the parties are familiar with the facts, we do not recite them here.

Pablo argues the asylum officer and immigration judge made an error of law by concluding that she was ineligible for asylum under the now-vacated "third-country transit bar," *see Cap. Area Immigrants' Rts. Coal. v. Trump*, 471 F. Supp. 3d 25, 37 (D.D.C. 2020), and by failing to recognize women as a social group for purposes of asylum and withholding of removal. She also argues that this court has jurisdiction to review her claim because it concerns a legal question. But the asylum officer and immigration judge independently based Pablo's negative credible fear determination on a finding of no fear of persecution or nexus. Setting aside Pablo's challenge to the third-country transit bar, we do not have jurisdiction to review this other dispositive determination. *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1966 (2020) (observing that "courts may not review 'the determination' that an alien lacks a credible fear of persecution" in expedited removal proceedings (quoting § 1252(a)(2)(A)(iii))). We therefore dismiss this appeal for lack of jurisdiction.

**DISMISSED**.